**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES - GENERAL</u>**

Case No. SACV 09-861 DOC (ANx)                                                    Date: March 18, 2010

Title: IGNACIO SERRANO v. GMAC MORTGAGE, ALLIANCE TITLE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                             Date:_____   Deputy Clerk: _____

PRESENT:

                     THE HONORABLE DAVID O. CARTER, JUDGE

    <u>Kristee Hopkins</u>                             <u>Not Present</u>
    Courtroom Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING WITHOUT PREJUDICE MOTION TO DISMISS

      Before the Court is Defendants GMAC Mortgage, LLC ("GMAC") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") Motion to Dismiss (the "Motion"). The Court finds the Motion appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, and for the reasons stated below, the Court GRANTS WITHOUT PREJUDICE the Motion.

    **I.**    **Background**

      Plaintiff Ignacio Serrano ("Plaintiff" or "Serrano") filed the instant removal action on June 2, 2009 in Orange County Superior Court, alleging causes of action for breach of written contract, breach of covenant of good faith and fair dealing, violation of California Civil Code § 2923.6, injunctive relief, and declaratory relief. *See* Docket #1. The lawsuit arises out of an October 15, 2007 $235,000.00 mortgage loan entered into between Plaintiff and Homecoming Financial for real property

located at 4109 West 5th Street, Unit #53, Santa Ana, California 92703. *See* Docket #21, ¶ 13. Plaintiff alleges, on information and belief, that the Deed of Trust held by Homecoming Financial was "bought out, sold, transferred, reformed, or assumed" by GMAC. *Id.*, ¶ 16.

Plaintiff alleges that GMAC initiated a non-judicial foreclosure on the real property at issue and caused the sale of the real property at a Trustee's Sale on June 10, 2009. *See id.*, ¶¶ 19-20.[1] Plaintiff further alleges that the foreclosure sale proceeded without notification to Plaintiff, and that Plaintiff "received no contact prior to the filing of the Notice of Default." *Id.*, ¶ 26. Plaintiff claims that any attempt to re-finance or un-encumber the real property was frustrated by this absence of notice. *Id.*, ¶ 32. On the basis of these omissions, the absence of notice, and the resulting foreclosure and eviction, the First Amended Complaint ("FAC") brings nine causes of action for: (1) violation of California Civil Code § 2924; (2) violation of California Civil Code § 2923.5; (3) violation of California Civil Code § 2015; (4) violation of California Civil Code § 2924(b); (5) declaratory relief; (6) breach of contract; (7) cancellation of the trustee's sale; (8) preliminary and permanent injunctive relief under California Business & Professions Code § 17200; and (9) exemplary damages.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atlantic*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). However, if the complaint "lacks a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory," it must be dismissed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under 12(b)(6) motion analysis, the Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri*, 901 F.2d at 699. Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

In general, a court cannot consider materials outside the pleadings on a motion to dismiss

---

[1] It is unclear from the face of the First Amended Complaint ("FAC") whether the alleged sale has been completed. *Compare* FAC ¶ 19-20, *with* FAC ¶ 39 (alleging that Defendants "intend" to sell the real property).

for failure to state a claim. *See* Fed. R. Civ. P. 12(b). A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss into one for summary judgment, in addition to exhibits attached to the complaint. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)) (alteration in original).

    **III.**    **Discussion**

        **A.**    **California Civil Code § 2924**

The FAC's first cause of action is for a violation of California Civil Code § 2924, which in relevant part outlines certain requirements for the notice of default that precedes a non-judicial foreclosure. The notice of default must include the following information:

> (A) A statement identifying the mortgage or deed of trust by stating the name or names of the trustor or trustors and giving the book and page, or instrument number, if applicable, where the mortgage or deed of trust is recorded or a description of the mortgaged or trust property.
>
> (B) A statement that a breach of the obligation for which the mortgage or transfer in trust is security has occurred.
>
> (C) A statement setting forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default.
>
> (D) If the default is curable pursuant to Section 2924(c), the statement specified in paragraph (1) of subdivision

(b) of Section 2924(c).

Cal. Civ. Code § 2924.

The Complaint does not allege that the Notice of Default or manner of foreclosure failed to comply with the express requirements of § 2924.  *See* FAC ¶ 41.  Rather, Plaintiff alleges that Defendants violated § 2924 by violating other sections of the California Civil Code, including §§ 2923.5 and 2015.5.  Specifically, Plaintiff alleges that Defendants violated section 2923.5's requirement that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)."  Cal. Civ. Code § 2923.5(a)(1); *see also* FAC ¶ 42.  Paragraph (g) of section 2923.5 in turn provides that "[a] notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent."  Cal. Civ. Code § 2923.5(g).  The due diligence requirements under the statute encompass contact through first-class mail and telephone calls at different hours on different days.  *See id.*  Upon contacting the borrower, the mortgagee, beneficiary, or authorized agent must "explore options for the borrower to avoid foreclosure."  *See id.* at (2).

In addition, the FAC's first cause of action alleges that Defendants violated California Code of Civil Procedure § 2015.5, which requires a certification to accompany any declaration issued "under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state."  *See* Cal. Code Civ. Proc. § 2015.5.  Plaintiff alleges that the Notice of Default issued by Defendants with respect to the real property at issue attached a wrongful declaration stating that "Defendants tried, with due diligence to contact the borrower" and, in addition, that the declaration was not made under penalty or perjury as required by section 2015.5.  *See* FAC ¶ 78.

As a threshold matter, Defendants argue that section 2924 does not support a private right of action.  *See* Mot. at 12:17-24.  Defendants cite no authority for this proposition.  *See id.*  A number of courts have rejected the availability of a private right of action under civil code section 2923.6, a companion code provision not at issue in this action, *see, e.g.*, *Farmer v. Countrywide Home Loans*, 2009 WL 189025, at *2 (S.D. Cal. Jan. 26, 2009) ("[N]othing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right6 of action for borrowers."); *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1052 (E.D. Cal. 2009); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177 (N.D. Cal. 2009), *but see In re Morgan-Austin*, No. 08-40399, 2009 WL 780457, at *3 (Bankr. N.D. Cal. Feb. 14, 2009).  But a finding that section 2923.6 creates no private right of action flows from the language of that code provision, which is limited to "servicers and providers" and does not otherwise "impose any duty."  *See Pantoja*, 640 F. Supp. 2d at 1188.  By contrast, both section 2924 and section 2923.5 impose affirmative obligations upon mortgagees, beneficiaries, and authorized agents prior to a non-judicial foreclosure.  Failure to

comply with such obligations forms the gravamen of a cause of action for wrongful foreclosure, and indeed, the availability of a private right of action predicated on a violation of section 2923.5, *see Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1166 (S.D. Cal. 2009), would be incongruous with the denial of the same under section 2924. Both code provisions concern obligations that must be followed prior to the initiation of non-judicial foreclosure proceedings against a borrower. *See* Cal. Civ. Code §§ 2923.5 & 2924; *see also Ortiz*, 639 F. Supp. 2d at 1166 (crediting argument that "the California legislature would not have enacted this 'urgency' legislation, intended to curb high foreclosure rates in the state, without any accompanying enforcement mechanism."). However, the Court notes that a cause of action based on non-compliance with section 2924 is ordinarily pled as a cause of action to set aside trustee's sale as invalid, as section 2924 does not itself identify any statutory remedies. *See, e.g.*, *Gomez v. Wachovia Mortg. Corp.*, 2010 WL 291817, at *5 (N.D. Cal. Jan. 19, 2010) (assessing cause of action predicated on alleged violation of section 2924).

Notwithstanding the accessibility of a private right of action predicated on a violation of section 2924, the Court cannot help but note that Plaintiff does not actually allege a violation of section 2924. Instead, Plaintiff alleges that Defendants' alleged violations of section 2923.5 and section 2015.5 constituted violations of section 2924. *See* FAC ¶¶ 42-50. However, section 2924 does not expressly incorporate any other code section, let alone section 2923.5. *See* Cal. Civ. Code § 2924. Plaintiff does not allege that Defendants failed to comply with any of the express requirements in section 2924, including the requirement that a compliant notice of default precede a non-judicial foreclosure. *See id.* at (a)(1).

As presently alleged, the FAC's first cause of action does not actually allege a violation of section 2924, nor is a violation of section 2924 availing as an independent cause of action, since the statute itself does not identify any remedies. Accordingly, the Court DISMISSES WITH LEAVE TO AMEND the FAC's first cause of action. Plaintiff may re-plead the allegation of non-compliance with section 2924 as a predicate act in a separate cause of action, but must be careful to identify the precise manner in which Defendants failed to comply with section 2924.

### B. Violation of Section 2923.5[2]

The FAC's second cause of action alleges a separate failure of California Civil Code § 2923.5. As previously mentioned, section 2923.5 requires that a mortgagee, beneficiary or authorized agent contact a borrower at least 30 days prior to the filing of a notice of default in order to negotiate an alternative to foreclosure. *See* Cal. Civ. Code § 2923.5(a)-(b).

---

[2] The Court GRANTS Plaintiff's Request for Judicial Notice ("RJN") of California state court authority addressing the viability of a cause of action brought under section 2923.5. The Court nonetheless rejects Plaintiff's request that the Court stay its consideration of this issue until June 2010.

Defendants argue that no private right of action is available under section 2923.5, but fail to acknowledge *Ortiz*, in which the court noted that denying a private right of action to borrowers would frustrate the statutory purpose to "curb high foreclosure rates in the state." 639 F. Supp. 2d at 1166. Nor are the authorities relied upon by Defendants convincing. In *Gaitan v. Mortg. Elec. Registration Sys.*, No. 09-1009 VAP (MANx), 2009 WL 3244729 (C.D. Cal. Oct. 5, 2009), the court acknowledged but disagreed with *Ortiz* on the grounds that "[s]ection 2923.5 contains no language that indicates any intent whatsoever to create a private right of action." *See* 2009 WL 3244729, at *7 (citing *Dunn-Edwards Corp. v. Bay Area Air Quality Mgmt. Dist.*, 9 Cal. App. 4th 644, 658 (1992) ("[C]ourts are not at liberty to impute a particular intention to the Legislature when nothing in the language of the statute implies such an intention.") and *Vicko Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62-63 (1999) (holding that "if the Legislature intends to create a private right of action, we generally assume it will do so directly, in clear, understandable, unmistakable terms.")). But this only precludes a stand-alone cause of action predicated on a violation of 2923.5, and does not, as discussed *supra*, preclude Plaintiff from bringing a cause of action to set aside a trustee's sale as invalid on the basis of alleged violations of section 2923.5.[3]

Defendants also argue that the Notice of Default in this case *did* comply with section 2923.5(b)'s requirement that "[a] notice of default filed pursuant to section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h)." *See* Mot. at 13 (arguing that the Notice of Default includes such a declaration). Defendants would have the Court narrowly construe the statute as requiring that a Court do nothing more than take the foreclosing party at its word as far as compliance with the statute is concerned. *See id.* Defendants' suggested approach ignores the plain language of the statute, which not only requires that a declaration of compliance accompany a notice of default, but that such compliance have *in fact* occurred. *See* Cal. Civ. Code § 2923.5(a)(2).

To the extent that the FAC's second cause of action attempts to shoehorn a violation of section 2015.5, which concerns the adequacy of the declaration attached to the notice of default, the Court notes but need not decide that section 2923.5 includes no provision that incorporates compliance with any other statutory requirement. It is unclear to the Court how a violation of section 2015.5 therefore constitutes a violation of section 2923.5.

---

[3] *Anaya v. Advisors Lending Group*, No. CV F 09-1191 LJO DLB, 2009 WL 2424037 (E.D. Cal. Aug. 5, 2009) involved a cause of action that may have alleged underlying violations of section 2923.5, but ultimately alleged a violation of section 2923.6, which this Court considers distinguishable. And *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. CIV. S-09-1504 LKK/KJM, 2009 WL 2880393 (E.D. Cal. Sept. 3, 2009) denied defendants' motion to dismiss insofar as a violation of 2923.5 was alleged as a predicate act to a cause of action for unfair competition and, indeed, limited its holding "for purposes of this case." *Id.* at *11.

Accordingly, the Court DISMISSES WITH LEAVE TO AMEND the FAC's second cause of action and instructs Plaintiff to reassert Defendants' alleged violation of section 2923.5 as a predicate to a separate cause of action.

### C.     Violation of Section 2015.5

The FAC's third cause of action alleges that "the declaration attached to the Notice of Default did not meet the requirements of Code of Civil Procedure § 2015.5 in that it was not made under penalty of perjury nor did it declare that it was made under penalty of perjury." *See* FAC ¶ 68. But section 2015.5 simply identifies the prerequisites to a properly filed declaration, it does not create a right of action against a party that files a document that is styled as a declaration even though it does not comply with the requirements of the code of civil procedure. That does not estop Plaintiff from arguing that the declaration was deficient; rather, Plaintiff's allegation of non-compliance with section 2015.5 does not stand alone as a separate cause of action. For instruction in developing his next pleading, Plaintiff is directed to *Murillo v. Lehman Bros. Bank FSB*, No. C 09-00500 JW, 2009 WL 2160578, at *6 (N.D. Cal. July 17, 2009), in which an allegation of non-compliance with section 2015.5 was used to support an allegation of a violation of section 2923.5. *See also Murillo v. Aurora Loan Svcs, LLC*, 2009 WL 2160579 (N.D. Cal. July 17, 2009); *Murillo v. Aurora Loan Svcs, LLC*, 2009 WL 2160580 (N.D. Cal. July 17, 2009).

Accordingly, the Court DISMISSES WITH LEAVE TO AMEND the FAC's third cause of action.

### D.     Violation of California Civil Code § 2924b

The FAC's fourth cause of action alleges that "[b]y virtue of Defendants' failure to properly notify Plaintiff of the Notices of Default . . . Defendants violated California Civil Code § 2924b." Section 2924b(b)(1) "requires a party authorized to record a notice of default to send by certified or registered mail a copy of the notice of default to 'each trustor or mortgagor at his or her last known address if different from the address specified in the deed of trust or mortgage with power of sale.'" *See Falcocchia v. Saxon Mortg., Inc.*, No. CIV. S-09-2700 LKK/GGH, 2010 WL 582059, at *7-8 (E.D. Cal. Feb. 12, 2010) (quoting Cal. Civ. Code § 2924b(b)(1)).

Plaintiff utterly fails to identify the manner in which notification of the notices of default, if any, was improper. The conclusory allegations which support the fourth cause of action are therefore insufficient to sustain a claim under section 2924b. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

Accordingly, the Court DISMISSES WITH LEAVE TO AMEND the FAC's fourth cause of action and instructs Plaintiff to review *Iqbal* prior to amending the cause of action. Plaintiff is encouraged to allege with specificity the facts surrounding the notification of the notice of default prior

to the non-judicial foreclosure of the real property at issue.

### E. Declaratory Relief

The FAC's fifth cause of action seeks a judicial declaration that the foreclosure sale of the real property at issue was "wrongful and should be rescinded" by virtue of Defendants' alleged failure to comply with California Civil Code §§ 2923.5, 2924, 2924b, and 2015.5. To state a cause of action for declaratory relief under California law, "appropriate facts should be alleged from which the court may determine that an 'actual controversy relating to the legal rights and duties of the respective parties' exists." *Altura v. Gloster*, 16 Cal.2d 46, 49 (1940) (internal citations omitted).

However, "[w]here there is an accrued cause of action for a past breach of contract or other wrong, declaratory relief is inappropriate." *Edejer v. DHI Mortg. Co.*, No. C 09-1302 PJH, 2009 WL 1684714, at *10 (N.D. Cal. June 12, 2009). Thus, a cause of action for declaratory relief fails as a matter of law where the foreclosure has already occurred. *Id.*

Accordingly, the Court DISMISSES WITH PREJUDICE AND WITHOUT LEAVE TO AMEND the FAC's fifth cause of action.

### F. Breach of Contract

The FAC's sixth cause of action alleges that Defendants breached the mortgage agreement "when they initiated foreclosure proceedings on Plaintiff's home prior to contacting Plaintiff to discuss his financial situation and explore his options in avoiding foreclosure." FAC ¶ 90.

"A cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239, 70 Cal. Rptr. 3d 667 (2008).

Plaintiff alleges that paragraph 22 of the mortgage agreement entered into with Homecomings Financial "provides that any foreclosure of Plaintiffs' [sic] respective residences [sic] would be performed in accordance with California law." FAC ¶ 86. Thus, Plaintiff alleges that by virtue of their alleged failure to comply with sections 2923.5, 2924, 2924b, and 2015.5, Defendants breached the mortgage agreement when they foreclosed on the real property issue at issue.

Defendants argue that *Berger v. Home Depot U.S.A., Inc.*, 476 F. Supp. 2d 1174 (C.D. Cal. 2007) precludes a cause of action for breach of contract that is predicated on alleged statutory violations. Defendants appeal to this Court on the broad equitable grounds that a breach of contract claim predicated on statutory violations would, in effect, allow a double recovery – i.e., two causes of action predicated on the same underlying conduct. But causes of action based on the same statutory

violations frequently arise in the context of claims brought under California Business & Professions Code § 17200.  *See, e.g.*, *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 584 (C.D. Cal. 2008) (noting in the context of a motion for class certification that "same violations" supported independent cause of action as well as section 17200 cause of action).

   In addition, *Berger* involved the expansive claim, without identification of any particular provision of the contract at issue, that "all applicable consumer protection statutes and the covenant of good faith and fair dealing are implied terms of the contract at issue." 476 F. Supp. 2d at 1176.  Indeed, *every other* case in the Ninth Circuit that has since applied *Berger* acknowledges that its holding is limited to circumstances in which the express terms of the contract are **not at issue** but a defendant(s) nonetheless alleges a breach of contract by virtue of the statute's implied incorporation of certain statutes.  *See Nichols v. Greenpoint Mortg. Funding, Inc.*, 2008 WL 3891126 (C.D. Cal. Aug. 19, 2008); *Schulken v. Washington Mut. Bank*, 2009 WL 4173525 (Nov. 19, 2009); *Quintero Fam. Trust v. OneWest Bank, F.S.B.*, 2010 WL 392312 (S.D. Cal. Jan. 27, 2010).  The "expansion of liability" contemplated by the court in *Berger* is simply not present where, as here, the express terms of the contract require compliance with all applicable statutes and regulations prior to initiating a foreclosure.  Indeed, such contract provision likely exists to preclude Defendants from hiding behind the purported absence of a private right of action under code provisions of the sort discussed *supra*.  *See Lincoln General Ins. Co. v. Access Claims Adm'rs, Inc.*, 596 F. Supp. 2d 1351, 1367 (E.D. Cal. 2008) (rejecting argument that statute failed to create private right of action on grounds that plaintiff "has not brought a cause of action under the statute but rather alleges that the statute's requirements were integrated into the contract and that, by violating them, [defendant] breached the contract.").

   The FAC's breach of contract claim therefore proceeds on the basis of violations of statutes incorporated by the express terms of the contract.  However, as the Court has already noted, Plaintiff must allege with greater factual specificity the facts in support of these alleged statutory violations.  Accordingly, the FAC's sixth cause of action is DISMISSED WITH LEAVE TO AMEND.

  **G.** **Cancellation of the Trustee's Sale**

   The FAC's seventh cause of action requests that Defendants be ordered to cancel the Trustee's sale and rescind and restore Plaintiff's property to him on the grounds that Defendants "breach[ed] . . . the aforementioned statutory provisions." *See* FAC ¶¶ 94-95.

   A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997).  The tender requirement is based on the "equitable maxim" articulated by the California Court of Appeal in *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018 (1989) that: 'if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *Id.* at 1021.  An offer of tender alone is itself

insufficient to sustain a cause of action if the person so alleging is unable to perform.  *See Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 118 (1971).

Defendants cite a number of cases in which claims for wrongful foreclosure were dismissed as a result of the borrower's inability to allege tender.  First, the vast majority of these cases do not involve an allegation of violations of sections 2923.5 and 2924.  *See, e.g.*, *Alicea v. GE Money Bank*, 2009 WL 213969, at *1 (N.D. Cal. July 16, 2009) (case involving alleged TILA and RESPA violations that occurred at time of loan's origination); *Edejer*, 2009 WL 1684714, at *11 (case involving alleged TILA, RESPA, and FDCPA violations, as well as fraud allegations).  Second, those cases that did involve allegations of non-compliance with section 2923.5 addressed technical failure to comply with the statutory requirement that a declaration of compliance accompany the notice of default.  *See, e.g.*, *Montoya v. Countrywide Bank, F.S.B.*, 2009 WL 1813973, at *11 (N.D. Cal. June 25, 2009).  That leaves the few cases in which a district court held that a claim for wrongful foreclosure premised upon the alleged failure to notify the borrower in advance of the foreclosure could not be sustained absent an allegation of tender.  *See Somera v. Indymac Federal Bank*, No. 2:09-cv-01947-FCD-DAD, 2010 WL 761221 (E.D. Cal. Mar. 3, 2010); *Gardner v. Am. Home Mortg. Servicing, Inc.*, No. 2:09-cv-00744 GEB FEB, 2010 WL 582117, at *9 (E.D. Cal. Feb. 11, 2010); *Wong v. Am. Servicing Co., Inc.*, No. 2:09-cv-01506 FCD DAD, 2009 WL 5113516 (E.D. Cal. Dec. 18, 2009); *Keen v. Am. Home Mortg. Servicing, Inc.*, 664 F. Supp. 2d 1086 E.D. Cal. 2009); *Vega v. JPMorgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104 (E.D. Cal. 2009)/

None of these decisions are binding authority upon this Court and this Court declines to follow such decisions in light of the fact that their application of the tender rule frustrates the very purpose of sections 2923.5 and 2924, which were issued by the California Legislature to direct mortgagees, beneficiaries, and authorized agents to "explore options for the borrower to avoid foreclosure" prior to the filing of a notice of default.  *See* Cal. Civ. Code § 2923.5(a)(2).  Indeed, the express terms of the statute contemplate borrowers who likely cannot tender the unpaid balance on the loan.  The statute does not ***require*** that the parties reach an agreement; only that they try.  *See id.*  Thus, the requirement that a plaintiff allege tender as a prerequisite to bringing a cause of action for wrongful foreclosure only makes sense where the basis for the wrongful foreclosure – *e.g.*, non-compliance with statutory requirements at the time of the loan's origination – is not itself frustrated by the requirement of tender.

The FAC's seventh cause of action is nonetheless predicated on alleged violations that, as discussed *supra*, are not alleged with sufficient factual specificity.  For the foregoing reasons, the Court DISMISSES WITH LEAVE TO AMEND the FAC's seventh cause of action, and instructs Plaintiff to plead with additional factual specificity the alleged violations of California Civil Code sections 2923.5 and 2924.

    H.  **Preliminary and Permanent Injunctive Relief Under California Business & Professions Code § 17200**

***The FAC's eighth cause of action alleges that Defendants violated California Business & Professions Code §§ 17200, 17204, and 17535*** by virtue of their alleged violations of Civil Code §§ 2924, 2924b, 2923.5, and Code of Civil Procedure § 2015.5.  An alleged violation of section 2923.5 may serve as a predicate act in support of a cause of action brought pursuant to Business & Professions Code § 17200.  *See Ortiz*, 639 F. Supp. 2d at 1168.

However, the FAC's eighth cause of action is pled with a startling lack of factual specificity that is insufficient to sustain a claim brought under section 17200.  *See Maguca v. Aurora Loan Svcs.*, 2009 WL 3467750, at *4 (C.D. Cal. Oct. 28, 2009).  Indeed, many of the factual allegations appear to have been borrowed from a complaint filed in a separate case.  *See* FAC ¶ 98.

Accordingly, the FAC's eighth cause of action is DISMISSED WITH LEAVE TO AMEND.  Plaintiff is instructed to pay close attention to the factual allegations and counsel should be mindful of his obligations under Federal Rule of Civil Procedure 11.

### I.   Exemplary Damages

The FAC's eighth cause of action seeks exemplary damages in the amount of $1,000,000.00 "due to Defendants' willful and malicious conduct in that Defendants were notified of their violations and Defendants continued to pursue the foreclosure process despite that notification."  *See* FAC ¶ 105.  However, California law does not recognize a cause of action for exemplary damages.  *See Delman v. Entm't Partners Group, Inc.*, No. CV 07-3423 PSG (CWx), 2008 WL 3914465 (C.D. Cal. Aug. 21, 2008).

Accordingly, the FAC's eighth cause of action is DISMISSED WITHOUT LEAVE TO AMEND.

### J.   Prayer for Relief

The FAC's prayer for relief seeks: (1) a declaration that "Defendants have not right to conduct the sale" and (2) enjoinder of a foreclosure sale against the real property at issue.  *See* FAC at 18.  The latter request, which encompasses the third and fourth paragraphs in the prayer for relief, are improper as the foreclosure sale is already alleged to have occurred.  Defendants' claim that the Court cannot "possibly declare that Defendants have no right to conduct the sale" is nonetheless availing – indeed such a declaration is a foundational element of a cause of action for wrongful foreclosure.

Defendants' remaining arguments with respect to the FAC's fifth prayer for relief insofar as attorneys' fees are concerned, as well as the FAC's eighth prayer for relief for exemplary and punitive damages are DISMISSED WITH LEAVE TO AMEND.  Plaintiff may re-assert such claims upon alleging with factual specificity the basis for the alleged violations of sections 2923.5 and 2924.

Defendants' request to dismiss the tenth prayer for relief for rescission of the foreclosure sale is DENIED for the reasons identified in the Court's discussion of tender, *supra*.

### K. Factual Specificity as to Defendant MERS

Defendants' Motion generally argues that the FAC is pled with insufficient factual specificity, especially insofar as Defendant MERS is concerned. The Court agrees for the reasons outlined above. The FAC fails to give each Defendant notice of the causes of action against it, as well as the factual basis for those causes of action. *See Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

The Court is concerned by the FAC's tendency to nakedly use language from other cases, including class actions entirely unrelated to the facts of this case. This appears to be a trend: Plaintiff's briefing on the instant Motion is riddled with references to other matters. *See, e.g.*, Opp. at 8 (referencing "right to bring an action to compel Wachovia" to comply with California Foreclosure Law"). Counsel for Plaintiff is reminded to review his obligations under Rule 11 and ensure that subsequent pleadings are not only internally consistent, but are factually accurate. As the Court understands it, the gravamen of Plaintiff's claim in this case is that Defendants failed to contact Plaintiff, as required by California law, prior to the filing of a notice of default. Plaintiff must allege this fact with specificity, but must also make sure that this fact, if pled, comports with the best of counsel's "knowledge, information, and belief, formed after *an inquiry reasonable under the circumstances*." *See* Fed. R. Civ. P. 11(b).

At the same time, counsel's failure to handle this lawsuit with care and diligence should not frustrate Plaintiff's claim. Thus, the Court rejects outright Defendants' request that the Court regard the FAC's factual non-specificity as grounds to dismiss this action with prejudice.

### IV. Disposition

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The first cause of action is DISMISSED WITH LEAVE TO AMEND.

2. The second cause of action is DISMISSED WITH LEAVE TO AMEND.

3. The third cause of action is DISMISSED WITH LEAVE TO AMEND.

4. The fourth cause of action is DISMISSED WITH LEAVE TO AMEND.

5. The fifth cause of action is DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.

    6.    The sixth cause of action is DISMISSED WITH LEAVE TO AMEND.

    7.    The seventh cause of action is DISMISSED WITH LEAVE TO AMEND.

    8.    The eighth cause of action is DISMISSED WITH LEAVE TO AMEND.

    9.    The ninth cause of action is DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.

    10.    The third and fourth prayers for relief are DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.

    11.    The first, second, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh prayers for relief are DISMISSED WITH LEAVE TO AMEND.

    12.    Defendant MERS is DISMISSED WITHOUT PREJUDICE.

Plaintiff shall file an amended complaint *in strict compliance with the direction in this Order* within seven (7) days of the filing of this Order. Failure to file an amended pleading within seven (7) days shall result in the dismissal of this action with prejudice.

The Clerk shall serve this minute order on all parties to the action.